# SULLIVAN *v.* KILLIGAN.

---

APPEAL AND ERROR; WITNESSES; PRIVILEGE; ATTORNEY AND CLIENT; DEEDS; FRAUD.

1. The question of privilege, relative to the testimony of a witness who acted as attorney for the plaintiff in the transactions in suit, will not be considered on appeal to this court, where no exception was taken to the trial court's ruling that the testimony was incompetent unless the witness, believing his client to have waived the privilege, should testify voluntarily, and, after the witness had declined to testify upon being subsequently recalled, no further action was taken in the matter.

2. There being nothing in the record to indicate that error has been committed, this court will not, on appeal, disturb a decree vacating a deed to the grantor's niece, who is alleged to have solicited its

---

execution for the avowed purpose of protecting him against the consequences of his own intemperance, and to have represented at the time of its execution that it was a trust deed for his benefit, whereas it was in fact absolute in form, it being alleged that the grantor was so affected by intoxicants at the time as to be incapable of judging for himself.

No. 2587.   Submitted December 10, 1913.   Decided January 5, 1914.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia holding an equity term, setting aside and vacating a deed executed by plaintiff to defendant.                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit brought to set aside a deed.   The bill of the appellee, Thomas. J. Killigan, plaintiff, alleged that he was, on March 30, 1909, seized and possessed of two lots in the city of Washington (subject to a deed of trust for $1,600, occupied by a two-story brick house in which plaintiff and his wife had lived, and containing a store room where he carried on a tinning and heating business.   That defendant, Mary A. Sullivan, then Stahl, importuned plaintiff to convey the said premises to her as trustee for the plaintiff, to control the same and collect the rents and account to him therefor.

That the reason expressed for so doing was that plaintiff's habits of intoxication, as well as the impairment of his mind and body therefrom, prevented him for long periods of time from attending to business.

Requests to this effect were made at several times prior to March 30, 1909.   That at that time and for a period prior thereto plaintiff had been addicted to the use of intoxicating spirits, which use was beyond his control and had disqualified him from prosecuting his business, and affected his mind, so that he had ceased to do business.   That defendant was the niece of his deceased wife, and she gave that as a reason why he should have entire confidence in her.   That although he had not consented

to make said conveyance, defendant procured a deed to be pre-
pared for his execution, conveying the premises to her in fee
simple, and she told him on March 30, 1909, that said deed had
been drawn to her in trust as aforesaid.   That the deed was pre-
sented to him, and falsely represented to be in trust, and he
signed the same, believing it to be such a conveyance.   That he
was so impaired in body and mind that he was not capable of
making a valid deed, which defendant well knew, and unduly in-
fluenced him to execute said deed, knowing that he had no in-
dependent advice in the matter.   Defendant and her then hus-
band, Stahl, were living in the house with plaintiff.   That sub-
sequent to the making of said deed he learned from defendant
that the same was absolute in form, and demanded that she re-
convey or sign a declaration of the trust.   That she said she
recognized that no consideration had been given; that she was
holding the same for his benefit, and would continue so to do;
that she would reconvey upon his demand, but that it was to his
interest that the same should remain in her name on the record.
That she has since refused his demand to reconvey.

Defendant answered the bill, denying all of the material al-
legations of the same.   She admits "that in the months of Febru-
ary and March, 1909, the plaintiff was addicted to the use of
intoxicating liquors to excess, and had been so addicted both
prior and subsequent to said times.   That when intoxicated the
plaintiff was unfit to attend to business, and that his excesses
seriously injured his health, but she never knew and never
heard that his mind was affected thereby, except that it was be-
fogged when he was actually intoxicated.

During the taking of testimony, James B. Archer, attorney at
law, was offered as a witness.   He testified that he had acted
as plaintiff's attorney in the transactions between the parties.
He had drawn the deed and a previous will.   The privilege of
counsel was not waived by plaintiff.   Defendant caused the mat-
ter to be certified to the court in connection with the testimony
of other witnesses previously examined.   The court, upon wit-
ness's statement that he had been employed by and represented
plaintiff in the transaction, ruled that the evidence was incom-

petent unless the witness should be satisfied that his client had waived the privilege in some way, and shall voluntarily answer. No exception was taken to the ruling of the court, and when Archer was recalled for examination before the Commissioner, he declined to answer. No further action was taken in the matter, and the evidence proceeded to conclusion without Archer's evidence.

*Mr. Michael J. Colbert* and *Mr. Levi H. David* for the appellant.

*Mr. Charles Linkins* and *Mr. Chapin Brown* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The question was not again raised. Under the conditions stated, the error assigned on the point will not be considered. It is not properly before us.

It appears that defendant was a niece of plaintiff's wife, who died in 1908. The answer states that plaintiff had formerly conveyed the property to his wife, "without any other consideration than to protect his said wife and himself against his own reckless and wasteful habits." The wife left a will devising the property to plaintiff. The Killigans had no children. He had two unmarried sisters living in Washington: she had several nieces and a nephew. Defendant had assisted in nursing Mrs. Killigan during her last illness, and at her death defendant and her husband lived in plaintiff's house, where he stayed, eating his meals with them. Ill feeling grew up between them, and he left in May, 1912. His bill was filed in August.

It is not important to discuss the cases relating to this general subject. Each turns upon its own special circumstances. Nor would it subserve any useful purpose to review the testimony. It is sufficient to say that while the case is a close one, we find nothing in the evidence that would warrant the conclusion that the learned trial justice committed error in entering the decree

canceling the deed and awarding plaintiff possession of the premises. It is therefore affirmed, with costs.              *Affirmed.*